Filed 1/29/25  P. v. Luna CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK JOSEPH LUNA,<br><br>     Defendant and Appellant. | B334251<br><br>(Los Angeles County Super. Ct. No. MA037732) |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2008, a jury convicted defendant and appellant Frederick Joseph Luna (defendant) of willful, deliberate, and premeditated murder. The jury also found true allegations that the offense was gang-related and that a principal discharged a handgun causing death. The trial court sentenced defendant to 25 years to life in prison for the first degree murder plus a consecutive term of 25 years to life for the firearm allegation.

Many years later, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95).[1] Defendant claimed to be eligible for resentencing because he could not now be convicted of murder after elimination of the natural and probable consequences doctrine. The prosecution opposed defendant's petition and argued defendant was not eligible for relief because he could still be convicted as a direct aider and abettor.

The trial court held a hearing and denied defendant's section 1172.6 petition, finding beyond a reasonable doubt that defendant "directly aided and abetted the premeditated murder[ ] and . . . acted with malice aforethought." Defendant noticed an appeal from the trial court's ruling. Defendant's appellate attorney filed a brief raising no issues and asked this court to process the appeal in accordance with the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant was thereafter permitted to file a supplemental brief, which he did on September 18, 2024.

Defendant's supplemental brief argues his appointed counsel rendered ineffective assistance in failing to file a petition

---

[1] Undesignated statutory references that follow are to the Penal Code.

for writ of habeas corpus seeking relief under *People v. Chiu* (2014) 59 Cal.4th 155.  Even assuming such an ineffective assistance claim is available in section 1172.6 proceedings (but see *People v. Delgadillo* (2022) 14 Cal.5th 216, 226-27 [no constitutional right to effective assistance of counsel in postconviction proceedings or proceedings to obtain collateral relief from a judgment of conviction]), defendant has not demonstrated how appointed counsel's decision not to file a habeas corpus petition during the section 1172.6 proceedings prejudiced him.

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



MOOR, J.



HOFFSTADT, P. J.



4